UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHANNON S. D., | Case No. 19-CV-953 (NEB/KMM) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brought this action after the Commissioner of Social Security denied her application for disability insurance benefits and supplemental security income, asking the Court to reverse the Commissioner's final decision and remand the matter to the Commissioner for an award of benefits or further proceedings. (ECF. No. 1.) The parties filed cross-motions for summary judgment. (ECF Nos. 12, 17.) In a Report and Recommendation dated February 10, 2020, United States Magistrate Judge Katherine Menendez recommended that Plaintiff's motion for summary judgment be denied, Defendant's motion for summary judgment be granted, and this matter be dismissed with prejudice. (ECF No. 19 ("R&R").) Plaintiff filed an objection to the recommendation, and so the Court conducts a *de novo* review of the portions of the R&R to which she objects. (ECF No. 21 ("Pl. Obj.")); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

When reviewing the decision of an administrative law judge ("ALJ") to deny disability benefits, the court evaluates whether "substantial evidence in the record as a whole supports the ALJ's decision." *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). Substantial evidence is less than a preponderance, but it is enough evidence for a reasonable mind to find adequate to support the conclusion. *Id.* The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (citation omitted). Thus, if a review of the record leads to two possible but inconsistent positions and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). Based on this standard and a review of the record, the Court agrees with the Magistrate Judge and accepts the R&R.

Plaintiff objects to a single finding in the 20-page R&R: "several of [Plaintiff's] medical records indicate that 'no assistive device [was] required for ambulation.'" (R&R at 11 (cited by Pl. Obj. at 2).) In support of this finding, the R&R cites medical records dated 2015 through 2017. (*Id.* (citing R. 575–78, 644–67, 751–59, 769–77).[1]) Plaintiff concedes that she did not require an assistive device before 2018, but argues that this finding is incorrect because in February 2018 an occupational therapist recommended she use a power wheelchair, and a nurse practitioner verified that she "is in need of a

---

[1] The administrative record can be found at ECF No. 10.

2

motorized wheelchair and van to transport it" in a May 4, 2018 letter. (Pl. Obj. at 2 (citing R. 969); *see* R. 891.)

The Court finds Plaintiff's argument unpersuasive. Both the R&R and the ALJ specifically considered that Plaintiff "was prescribed multiple medical devices including [a] recommendation for a motorized wheelchair and van to transport it." (R&R at 10–11 (citing R. 28, 888–91, 969); *see also* R. 28 (referencing May 4, 2018 letter).) Notwithstanding this evidence, the ALJ found "other evidence in the record suggesting that [Plaintiff's] functioning was consistent with the ultimate [residual functional capacity ("RFC")] finding,"[2] including: her engagement in a home exercise program, yard work and gardening; her ability to volunteer, teach, and tutor English as a second language and engage in activities requiring work with her hands and fingers; her routine and conservative medical treatment; and her providers' recommendation of physical and occupational therapy and advice that she stay as active as possible. (R&R at 11 (citing R. 28).) Moreover, it is undisputed that at the time of the ALJ's June 22, 2018 decision, Plaintiff was not using a motorized wheelchair. (*See* Pl. Obj. at 2 (acknowledging that Plaintiff's insurer did not approve a motorized wheelchair until October 2018).)

In her motion for summary judgment, Plaintiff argued that the Appeals Council erred in excluding evidence about the power wheelchair. (ECF No. 13 at 16–17.) Plaintiff

---

[2] The ALJ concluded that Plaintiff had the RFC to perform sedentary work with additional restrictions, including limits on climbing, kneeling, crouching, and crawling. (R&R at 3 (citing R. 23–28).)

requested review of the ALJ's decision and presented additional evidence relating to her prescription for a motorized wheelchair. (*See id*. at 3.) The Appeals Council denied Plaintiff's request for review, and excluded evidence of the insurer's approval of the motorized wheelchair. (*Id*. at 4; R&R at 10 (citing R. 2).) The Magistrate Judge found that the Appeals Council erred in concluding that the insurer's documentation "did not relate to the period at issue" because the ALJ's opinion noted that Plaintiff had been prescribed a motorized wheelchair, and thus, "the ALJ considered that very evidence in ruling on the disability claim." (R&R at 10.) The Magistrate Judge found that the error did not require reversal because "there is no reasonable probability that the evidence would have changed the outcome of the case had it been before the ALJ." (*Id*.)

Based on its review of the record, the Court concludes that the Magistrate Judge's finding that "several of [Plaintiff's] medical records indicate that 'no assistive device [was] required for ambulation" is correctly based on pre-2018 medical records. (R&R at 11; *see* Pl. Obj. at 2 (conceding Plaintiff did not need an assistive device prior to 2018).) More importantly, as demonstrated above, this finding was not the sole basis for the Magistrate Judge's conclusion that additional evidence regarding the motorized wheelchair would not have changed the outcome of the ALJ's decision. The Court agrees that substantial evidence supports the ALJ's discussion of the record.

Plaintiff argues in passing that her need for a motorized wheelchair by May 2018 "could support [her] equaling Listing 14.02 or 14.06 as of that date."[3] (Pl. Obj. at 3.) "The claimant has the burden of proving that [her] impairment meets or equals a listing." *Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010). "To meet a listing, an impairment must meet all of the listing's specified criteria." *Id*. (quoting *Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004)). At the May 16, 2018 hearing before the ALJ, Plaintiff submitted her nurse practitioner's May 4, 2018 letter indicating that she needed a motorized wheelchair, and her counsel cited it as evidence that her condition was progressing to the point where she needed motorized assistive devices to help her get around. (R. 80–81 (submitting letter and representing it had been submitted electronically).) The medical expert considered the nurse practitioner's prescription of additional mobility devices during his opinion testimony as to whether Plaintiff met or equaled any listing of impairment and did not find it probative. (R. 108 (testifying that a nurse practitioner's prescription of additional mobility devices was undermined by the lack of a physician's signoff and lack

---

[3] In her motion for summary judgment, Plaintiff's only argument regarding listing of impairments was that the Appeals Council erred in excluding her blood test results because they bear "directly on listing 14.02 and the overlapping autoimmune conditions recognized in listing 14.06." (ECF No. 13 at 16.) She maintained that her medical records reflect overlapping autoimmune conditions, and that "the power wheelchair recommendation was made by her treating nurse practitioner" because of her "lack of stamina and mobility problems." (*Id*.) The Magistrate Judge agreed that the Appeals Council erred in excluding the blood test results, but found that the error was harmless because the evidence did not create a reasonable probability that the outcome would have been different if the evidence had been part of the record. (R&R at 10.) Plaintiff did not object to this finding.

of objective records or progressing medical issue); *see* R. 101–10 (addressing Listings 14.02 and 14.06).)

The ALJ considered the May 4, 2018 letter and Plaintiff's prescription for a motorized wheelchair, (R. 28), and gave great weight to the medical expert's testimony that no listing was met or equaled. (R. 27, 110.) While Plaintiff did not explicitly challenge the listing determination in her motion for summary judgment, the Magistrate Judge considered the issue and found that the ALJ reasonably concluded that all relevant information in Plaintiff's record failed to establish her inability to function on a sustained basis as a result of her immune disorders. (R&R at 11–14 (considering evidence of listing criteria including fevers, fatigue and malaise).) Having reviewed the record, the Court finds that the ALJ's determination falls "within the available zone of choice." *Buckner*, 646 F.3d at 556.

Finally, Plaintiff argues that "[i]n the alternative, whether the jobs cited by the Vocational Expert could be performed if the individual required a powered wheelchair for movement must be addressed." (Pl. Obj. at 3.) She does not elaborate on this argument in her objection, nor did she raise it or any other issue relating to the vocational expert in her motion for summary judgment. "When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review." *Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d

1062, 1067 (8th Cir. 2012) (citation and quotation marks omitted). Because this argument is raised for the first time in Plaintiff's objection, it is waived. *See id.* (finding district court properly refused to consider an argument that was not presented first to the magistrate judge).

The parties do not object to any other aspect of the R&R. When no objection has been made, the Court determines whether the recommendations are clearly erroneous or contrary to law. Fed. R. Crim. P. 59; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Having reviewed those portions of the R&R to which the parties have not objected, the Court finds no clear error.

Based on the foregoing, and on all the files, records, and proceedings herein, the Court OVERRULES Plaintiff's objection (ECF No. 21) and ACCEPTS the R&R (ECF No. 19) as set forth above. IT IS HEREBY ORDERED THAT:

1. The Plaintiff's motion for summary judgment (ECF No. 12) is DENIED;
2. The Defendant's motion for summary judgment (ECF No. 17) is GRANTED; and
3. This matter is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 29, 2020                                         BY THE COURT:

                                                              s/Nancy E. Brasel
                                                              Nancy E. Brasel
                                                              United States District Judge